PAUL THOMAS CLARK
Idaho State Bar No. 1329
CLARK and FEENEY, LLP
Attorneys for Plaintiffs
The Train Station, Suite 201
13th and Main Streets
P. O. Drawer 285
Lewiston, Idaho 83501
Telephone: (208)743-9516
Email: darla@clarkandfeeney.com

IN THE UNITED STATE DISTRICT COURT FOR
THE DISTRICT OF IDAHO

NEZPERCE AG, INC., an Idaho Corporation, )
                                          )   Case No. **3:20-CV-00494-DNC**
                       Plaintiff,         )
                                          )   **AMENDED COMPLAINT FOR**
vs.                                       )   **DAMAGES -and- DEMAND FOR**
                                          )   **JURY TRIAL**
NUTRIEN AG SOLUTIONS, INC., a             )
Delaware corporation, LOVELAND            )
PRODUCTS INC., a Colorado corporation, &  )
JOHN DOES 1-3,                            )
                                          )
                                          )
                       Defendant.         )
                  * * * * * * * * * *

COMES NOW, Plaintiff Nezperce Ag, Inc., an Idaho corporation, by and through its attorney of record, Paul Thomas Clark of the Law Offices of Clark & Feeney, LLP brings this action against Defendant Nutrien Ag Solutions, Inc., a Delaware corporation and Loveland Products, Inc., a Colorado corporation. Plaintiff's allegations are based upon personal knowledge as to its own conduct and on information and belief as to the actions of others.

I.

PARTIES

1.      Plaintiff Nezperce Ag, Inc. ("Plaintiff" or "Nezperce Ag") is an Idaho corporation owned and operated by Patricia Barnett and Patrick Barnett.

**Amended Complaint**                          1

2. Defendant Nutrien Ag Solutions, Inc. ("Defendant Nutrien Ag", or "Nutrien Ag") is a Delaware corporation that maintains its principal place of business at 3005 Rocky Mountain Avenue, Loveland, Colorado 80538. Prior to July 3, 2018, Nutrien Ag Solutions, Inc. was known as Crop Production Services, Inc. Defendant Nutrien Ag sells and delivers chemicals for the use of weed control by farmers on their fields.

3. Defendant Loveland Products, Inc. ("Defendant Loveland," or "Loveland Products," or "Loveland") is a Colorado corporation that maintains its principal place of business at 3005 Rocky Mountain Ave, Loveland, CO, 80538. Loveland Products is the registered manufacturer and registered trademark owner of Hat Trick Three Way Herbicide. Defendant Loveland has provided Nutrien Ag the exclusive right to distribute Loveland Products labels in North America.

4. The true names of Defendants identified as John Does 1 through 3 are unknown at this time, but will be named specifically when said names become known and through discovery, if their identities are discovered, Plaintiff reserves the right to amend this Complaint and substitute the true and actual names of the John Doe entities as actual parties in this action.

II.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §1332 because the Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), excluding interest and costs, and there is complete diversity between the Plaintiff and Defendants.

6. This Court has personal jurisdiction over the Defendants under 28 U.S.C. §1391, as all Defendants regularly conduct business in the state of Idaho. Further, Defendants are present and doing business within this state and have continuous and systematic contacts in this state.

Amended Complaint 2

LAW OFFICES OF
CLARK AND FEENEY, LLP
LEWISTON, IDAHO 83501

Defendants purposefully availed themselves to and within Idaho by participating in activities such as: promotions, sales, marketing, advertising, distribution of its products and receiving substantial compensation and profits from sales and other acts that caused or contributed to the harm giving rise to this action. Defendants also made, or caused to be made, material omissions and misrepresentations and breaches of warranties in Idaho to Plaintiff.

7. Venue is proper in this Court under 28 U.S.C. §1391, as a substantial part of the activities, events or omissions giving rise to the claim occurred in this judicial district and Defendants regularly conduct business in this District.

III.

FACTUAL ALLEGATIONS

8. Defendant Nutrien Ag is the retail division of Nutrien Ltd., the world's largest crop inputs company (specializing in products such as chemicals, fertilizer, seeds, and enhancing nutrients). Defendant Nutrien Ag offers a wide selection of products, including their proprietary brands: Loveland Products, Inc., Proven Seed, and Dyna-Gro Seed.

9. Hat Trick Three Way Herbicide ("Hat Trick" or "the Product"), the chemical product that is the subject of this litigation, is manufactured by Defendant Loveland and sold by Defendant Nutrien Ag. Hat Trick is intended to attack yield-robbing broadleaf weeds, leaving crops clean and free to grow. Chemicals like those found in Hat Trick are commonly used in agriculture products designed to help protect farmers' crops from weeds, insects and fungus.

10. Defendant Loveland has been the registrant of record for Hat Trick as listed on the EPA Registration Pesticide Program since April 2009 (attached hereto and incorporated herein by reference as **Exhibit A**). Additionally, a Safety Data Sheet issued in May 2020 identified Loveland

Amended Complaint                                3

as the manufacturer of Hat Trick, and owner of the registered trademark for Hat Trick (attached hereto and incorporated herein by reference as **Exhibit B**).

11. Defendant Nutrien Ag is the exclusive distributor of products manufactured by Defendant Loveland and bearing Loveland labels in North America (including Hat Trick).

12. Plaintiff has purchased Hat Trick from Defendant Nutrien Ag as a normal course of business for many years. Plaintiff purchased Hat Trick to sell its customers with the instructions to apply the Product it to their crops according to the Product label in order to obtain the expected results of weed control.

13. During the spring of 2019, Plaintiff purchased a large quantity of Hat Trick from Nutrien Ag, as evidenced by the various invoices from Defendant Nutrien Ag to Plaintiff (attached hereto and incorporated herein by reference as **Exhibit C**). Per their usual business practice, Plaintiff, in turn, sold approximately 8,270 gallons or more of the exact same Hat Trick product to Plaintiffs' customers, and in some cases applied it directly to its customers' fields, per the instructions affixed to the Product label, for the purpose of preventing weeds and allowing crops to yield.

14. The aforementioned batch of Hat Trick that was manufactured by Defendant Loveland, distributed by Defendant Nutrien Ag, and purchased by Plaintiff in 2019 had an unreasonably dangerous defect that injured consumers of the Product. The defect came into existence either in the design of the Product, during the manufacture, or during handling or shipment.

15. After selling and/or applying approximately 8,270 gallons or more of Hat Trick on various customer crops in the spring of 2019 (as recommended by the directions/label affixed to the

Amended Complaint 4

Product), customers informed Plaintiff that the Product had failed to work as expressly and impliedly warrantied. The batch of Hat Trick applied in 2019 did not control weeds, and weeds continued to grow amidst the crops of Plaintiffs' customers, preventing the expected yield of crops.

16. Plaintiff had the Hat Trick they purchased in 2019 independently tested; they were advised that the chemical product Plaintiff received from Defendants was not suitable for controlling weeds as advertised and warranted by the Defendants. By the time the defect was detected, Plaintiff's customers' crops were too mature to be re-sprayed and Plaintiffs' customers demanded financial compensation from Plaintiff for their loss.

17. In addition to the financial loss, Plaintiff lost future business from long standing existing customers, who now refuse to do business with Plaintiff due to their loss in confidence in Plaintiff and the products they sell as a direct result of Defendants' faulty Product. Plaintiff has incurred economic damages as well as irreparable damage to their business reputation due to the tainted batch of Hat Trick that was manufactured by Loveland and distributed by Nutrien Ag in 2019. The amount of the Plaintiffs actual and compensatory damages will be presented at the time of trial.

IV.

## LEGAL CLAIMS

### COUNT I: BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

19. Defendants had entered into a binding written contract for the sale of properly composed Product to Plaintiff.

Amended Complaint                 5

20. The unconsented sale of defective Product to Plaintiff by Defendants would constitute a material breach of the contract.

21. Defendants manifested a material breach of the contract by selling to Plaintiff defective Product.

22. Plaintiff unwittingly received defective Product from Defendant in exchange for regular consideration for properly composed Product, the exact nature and amount of which is to be proven at trial.

23. The Product sold to Plaintiff was not only defective and completely useless, but was in fact harmful to Plaintiff's business and end consumers of the Product.

24. Plaintiff unwittingly resold defective Product to end consumers of the Product.

25. The defective Product was injurious to the end consumers of the Product.

26. Defendants knew, or reasonably should have known that the sale of defective Product would not only harm end consumers of the Product, but any distributors of defective Product.

27. Sale of defective Product has as a direct and proximate result harmed Plaintiff's goodwill and reputation, and has caused decreased sales and revenue, the exact nature and amount of which is to be proven at trial.

## COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

29. An implied warranty that the Product was merchantable arose by operation of law as a part of sale.

30. Defendants breach the implied warranty of merchantability in that the Product was not in merchantable condition when sold or at any time thereafter and was not fit for the ordinary purposed of which such goods are used, in that the Product failed to control the weeds that were growing among Plaintiff's customers' crops.

31. Plaintiff notified Defendants of the defects in goods within a reasonable time after Plaintiff discovered the breach.

32. As a result of Defendants' breach of the implied warranty of merchantability, Plaintiff has suffered damages in an amount to be established at trial as well as damages to its business reputation and lost the business of once loyal customers. The exact nature and amount of the damages is to be proven at trial.

## COUNT III: NEGLIGENT FAILURE TO WARN

33. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

34. Defendants failed to adequately warn consumers of the dangers associated with the Product and said failure caused Plaintiff injury.

35. The Product had numerous defects that create a high risk of unreasonable and dangerous injuries to Plaintiff's customers' personal and commercial crop yields.

36. The warnings provided to Plaintiff by Defendants were improper because they did not reflect the full extent of the potential chemical complications in regards to crop yield and weed control associated with using the Product.

37. Had the Defendants adequately warned Plaintiff of the risks associated with using the Product, Plaintiff, acting as a reasonably prudent seller of chemical products commonly used in

Amended Complaint                   7

agriculture, would have elected not to purchase the product from Defendants and/or sell the Product to customers.

38. Defendants acted recklessly, willfully, wantonly and with a significant indifference to, and conscious disregard for the safety of others, including Plaintiff, by manufacturing and selling the dangerous and defective Product to Plaintiff.

39. As a direct and proximate result of the Defendants' negligent failure to warn, Plaintiff suffered and will continue to suffer damages in an exact nature and amount to be established at trial.

**COUNT IV: VIOLATION OF IDAHO CONSUMER PROTECTION ACT**

40. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

41. Per the Idaho Consumer Protection Act, Defendants were in a position to know, or in the exercise of due care should have reasonably known, that the Product sold to Plaintiff was defective, and not as purported.

42. Defendants represented that the Product they were selling to Plaintiff possessed the characteristics of being able to function as an agricultural herbicide in a manner indicated by Defendants.

43. Defendants represented that the Product sold to Plaintiff had a particular chemical composition that was lacking in the defective Product sold to Plaintiff.

44. Defendants represented that the Product sold to Plaintiff was properly composed, when in fact the Product sold to Plaintiff was altered from the regular chemical composition of the Product.

Amended Complaint　　　　　　　　　　　8

45. The Product sold to Plaintiff was not only defective and completely useless, but was in fact harmful to Plaintiff's business and end consumers of the Product.

46. In exchange for regular consideration for the Product, Plaintiff received a product of no real value to either Plaintiff, or end consumers of the Product.

47. The sale of entirely defective Product to Plaintiff was so egregious, that it would offend the public conscience through the harm it would do not only to Plaintiff, but to end consumers of the Product. As a direct and proximate result of Defendants violation of the Idaho Consumer Protection Act, Plaintiff suffered and will continue to suffer damages. The exact nature and amount of said damages is to be established at trial.

## COUNT V: UNJUST ENRICHMENT

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

49. Through the sale of defective Product to Plaintiff, Defendants were financially enriched.

50. Defendant consciously accepted, and retained payment for the defective Product as if Defendants were accepting, and retaining payment for properly composed Product.

51. Plaintiff was not desirous of defective Product, nor would Plaintiff knowingly accept defective Product when proper Product was sought to be purchased.

52. It is inequitable, and unjust for Defendant to retain the benefit of any bargain in which the goods sold were not those that were offered, particularly when such goods are totally defective.

Amended Complaint                                9

53. As a direct and proximate result of Defendants' unjust enrichment from the sale of the defect Product to Plaintiff, Plaintiff suffered and will continue to suffer damages. The exact nature and amount of damages is to be established at trial.

V.

## PRAYER FOR RELIEF

Plaintiffs pray for a Judgment against Defendants jointly and severally as follows:

1. Under Counts One, Two, Three, Four, and Five for Plaintiff to be awarded compensatory damages against the Defendants in an amount to be proven at trial.

2. For an award under Count Five for restitution of the amount paid by Plaintiff to Defendant for the defective Product, in an amount to be proven at trial, should compensatory damages be insufficient or otherwise unavailable.

3. For an award of attorney's fees and costs in the amount of $25,000 if this matter is uncontested and such amount as the Court determines reasonable if the matter is contested, incurred in pursuit of this action, pursuant to the Federal Rules of Civil Procedure.

4. For other such relief as the Court may deem just and equitable.

DATED this 14 day of July, 2021.

CLARK AND FEENEY, LLP

By: _____
Paul Thomas Clark
Attorney for Plaintiff

Amended Complaint                                    10

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial of all issues in this cause and state pursuant to Rule 38(b) of the Idaho Rules of Civil Procedure; that said plaintiffs will not stipulate to a jury of less than twelve (12) persons in number.

DATED this 14 day of July, 2021.

By: _____
Paul Thomas Clark
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14 day of July, 2021, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| Benjamin A. Schwartzman<br>Nicholas A. Warden | Electronic Delivery |
|---|---|

By: _____
Attorney for Plaintiff

Nutrien Ag Solutions, Inc.
NORTHWEST WHOLESALE (7005)
1315 E ST HELENS
PASCO, WA 99301-9516
509-545-1865

**INVOICE**

PATRICK BARNETT (15261-12/31/19)

| | |
|---|---|
| Invoice #: | 38676784 |
| Invoice Date: | 04/30/19 |
| Due Date: | 06/20/19 |
| Delivery Date: | 04/26/19 |
| Order #: | 13679876 |
| PO#: | |
| Sales Rep: | Eulensen, Gustav |

NEZPERCE AG INC "C" (1254910)
PO BOX 24
NEZPERCE, ID 83543

Ship Via: Common Carrier    County: NEZ PERCE

| | | | | |
|---|---|---|---|---|
| 1000008405 - HAT TRICK 250GA 34704-1017 | 1000.0000 GA | 38.5000 | | 38,500.00 |

Safety Data Sheets are available upon request for applicable products. Contact your local branch for details. For a medical emergency involving this product, call 1-866-944-8565. For help with any spill, leak, fire or exposure, call Chemtrec at 1-800-424-9300.

*** Invoice Notes ***

SHIP TO ORDER(S): 13679876
 (NEZ PERCE AG SHIPPING) 2340 SHORTCUT RD, NEZPERCE, ID. 83543

NOTICE: To Avoid Finance Charges, Please Send Payment To "Remit To" Address On Your Monthly Statement By The Due Date

Payment Terms: DUE 6/20/2019

| | |
|---|---|
| Invoice Sub Total: | 38,500.00 |
| Sales Tax: | 0.00 |
| Invoice Total: | 38,500.00 |
| Less Prepay Used: | 0.00 |
| Less Prepay Discount: | 0.00 |
| Gross Invoice Total: | 38,500.00 |
| Amount Due: | 38,500.00 |

Nutrien Ag Solutions, Inc.
1315 E ST HELENS
PASCO, WA 99301-9516

1 of 1

EXHIBIT A

Nutrien Ag Solutions, Inc.
NORTHWEST WHOLESALE (7005)
1315 E ST HELENS
PASCO, WA 99301-9516
509-545-1865

**INVOICE**

PATRICK BARNETT (15261-12/31/19)

Invoice #: 39007371
Invoice Date: 05/22/19
Due Date: 06/20/19
Delivery Date: 11/06/18
Order #: 13237163
PO#:
Sales Rep: Eulensen, Gustav

NEZPERCE AG INC "C" (1254910)
PO BOX 24
NEZPERCE, ID 83543

Ship Via: Customer Vehicle     County: FRANKLIN

| | | | | |
|---|---|---|---|---|
| *R* 1000008405 - HAT TRICK 250GA  34704-1017 | 750.0000 GA | 36.2500 | | 27,187.50 |
| *R* 1000008408 - HAT TRICK 2X2.5GA  34704-1017 | 720.0000 GA | 36.2500 | | 26,100.00 |

*R* indicates 'Restricted Material'

Safety Data Sheets are available upon request for applicable products. Contact your local branch for details. For a medical emergency involving this product, call 1-866-944-8565. For help with any spill, leak, fire or exposure, call Chemtrec at 1-800-424-9300.

*** Invoice Notes ***

SHIP TO ORDER(S): 13237163
(NEZ PERCE AG SHIPPING) 2340 SHORTCUT RD, NEZPERCE, ID. 83543

NOTICE: To Avoid Finance Charges, Please Send Payment To "Remit To" Address On Your Monthly Statement By The Due Date

Payment Terms: DUE 6/20/2019

| | |
|---|---:|
| Invoice Sub Total: | 53,287.50 |
| Sales Tax: | 0.00 |
| Invoice Total: | 53,287.50 |
| Less Prepay Used: | 0.00 |
| Less Prepay Discount: | 0.00 |
| Gross Invoice Total: | 53,287.50 |
| Amount Due: | 53,287.50 |

Nutrien Ag Solutions, Inc.
1315 E ST HELENS
PASCO, WA 99301-9516

1 of 1

**Nutrien Ag Solutions, Inc.**
**NORTHWEST WHOLESALE (7005)**
**1315 E ST HELENS**
**PASCO, WA 99301-9516**
**509-545-1865**

**INVOICE**

PATRICK BARNETT (15261-12/31/19)

| | |
|---|---|
| Invoice #: | 39007462 |
| Invoice Date: | 05/22/19 |
| Due Date: | 06/20/19 |
| Delivery Date: | 11/06/18 |
| Order #: | 13237356 |
| PO#: | |
| Sales Rep: | Eulensen, Gustav |

**NEZPERCE AG INC "C" (1254910)**
**PO BOX 24**
**NEZPERCE, ID 83543**

Ship Via: Customer Vehicle    County: FRANKLIN

| | | | | |
|---|---|---|---|---|
| *R* 1000008408 - HAT TRICK 2X2.5GA  34704-1017 | 1800.0000 GA | 36.2500 | | 65,250.00 |

*R* indicates 'Restricted Material'

Safety Data Sheets are available upon request for applicable products. Contact your local branch for details. For a medical emergency involving this product, call 1-866-944-8565. For help with any spill, leak, fire or exposure, call Chemtrec at 1-800-424-9300.

*** Invoice Notes ***

SHIP TO ORDER(S): 13237356
(NEZ PERCE AG SHIPPING) 2340 SHORTCUT RD, NEZPERCE, ID. 83543

NOTICE: To Avoid Finance Charges, Please Send Payment To "Remit To" Address On Your Monthly Statement By The Due Date

Payment Terms: DUE 6/20/2019

| | |
|---|---|
| Invoice Sub Total: | 65,250.00 |
| Sales Tax: | 0.00 |
| Invoice Total: | 65,250.00 |
| Less Prepay Used: | 0.00 |
| Less Prepay Discount: | 0.00 |
| Gross Invoice Total: | 65,250.00 |
| Amount Due: | 65,250.00 |

Remit To:
Nutrien Ag Solutions, Inc.
1315 E ST HELENS
PASCO, WA 99301-9516

1 of 1