Benjamin A. Schwartzman (ISB No. 6512)
bschwartzman@baileyglasser.com
Nicholas A. Warden (ISB No. 9179)
nwarden@baileyglasser.com
**BAILEY & GLASSER LLP**
800 W. Main St., Ste. 1460
Boise, ID 83702
Telephone: (208) 342-4411
Facsimile: (208) 342-4455

*Attorneys for Defendants Nutrien Ag Solutions, Inc.
and Loveland Products, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NEZPERCE AG, INC., an Idaho Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation, LOVELAND PRODUCTS, INC., a Colorado corporation, & JOHN DOES 1-3,<br><br>Defendants. | Case No: 3:20-CV-00494-SM<br><br>**ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES OF DEFENDANTS NUTRIEN AG SOLUTIONS, INC. AND LOVELAND PRODUCTS, INC.**<br><br>**DEMAND FOR JURY TRIAL** |

## **ANSWER**

COME NOW, Defendant Nutrien Ag Solutions, Inc. ("Defendant Nutrien" or "Nutrien") and Loveland Products, Inc. ("Defendant LPI" or "LPI"), (collectively, "Defendants"), by and through Defendants' undersigned counsel, and hereby answers Plaintiff's *Amended Complaint for Damages* ("*Amended Complaint*") as follows.

In answering Plaintiff's *Amended Complaint*, Defendants expressly reserve, in addition to the defenses set forth below, all defenses provided for or authorized by Fed. R. Civ. P. 12(b), and all other defenses provided by law. Moreover, Defendants state that their investigation of this

ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES – 1

matter is continuing, and as such, certain averments and statements contained in this *Answer* may change in the future where any additional or newly discovered information dictates.

## I.  PARTIES

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the *Amended Complaint*, and therefore deny the same.

2. Defendants admit that Nutrien is a Delaware corporation maintaining its principal place of business at 3005 Rocky Mountain Avenue, Loveland, Colorado 80538. Defendants further admit that Nutrien is the successor in interest to Crop Production Services, Inc. Defendants further admit that a portion of its business operations involves the sale and delivery of various agricultural inputs and services – including but not limited to chemical products – for use by farmers and agricultural growers in addressing or controlling, among other issues, weed presence.

3. Defendants admit that LPI is a Colorado corporation maintaining its principal place of business at 3005 Rocky Mountain Ave., Loveland, Colorado 80538. Defendants interpret this allegation of the complaint to assert that Hat Trick is LPI's proprietary product and LPI controls its manufacturing and distribution to retailers, and this assertion is admitted.

4. Defendants assert that the allegations in paragraph 4 of the *Amended Complaint* are comprised of either hypothetical recitations, or legal conclusions, to which no response is necessary. To the extent an answer is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of any statements, and therefore deny the same.

## II. JURISDICTION AND VENUE

5.      Defendants admit that jurisdiction and venue in the present Court are proper, pursuant to 28 U.S.C. § 1332, and based upon allegations and demands issued by Plaintiff, the amount in controversy implicated by the present litigation exceeds all jurisdictional minimums and thresholds of this Court, and there is complete diversity between Plaintiff and Defendants.

6.      Defendants admit this Court has personal jurisdiction under 28 U.S.C. § 1391. Defendants further admit they are doing business within the State of Idaho and that they avail themselves of markets and business operations within the State of Idaho. Defendants deny the remaining allegations in paragraph 6 of the *Amended Complaint* as it relates to "…profits from sales and other acts that caused or contributed to harm giving rise to this action . . . ." and that "Defendants also made, or caused to be made, material omissions and misrepresentations and breaches of warranties in Idaho to Plaintiff."

7.      Defendants admit that the venue is proper in this Court under 28 U.S.C § 1391.

## III. FACTUAL ALLEGATIONS

8.      Defendants admit that Nutrien is a national and global dealer in agricultural inputs and services of many types, which include certain products created and distributed by sister companies under various brand names, including Loveland Products, Inc., Proven Seed, and Dyna-Grow Seed.

9.      Defendants admit that that Hat Trick Three Way Herbicide ("Hat Trick") is LPI's proprietary product and LPI controls its manufacturing and distribution to retailers, and that Hat Trick is sold by Defendant Nutrien. Defendants further admit that farmers will purchase and apply chemical products to help protect – in appropriate circumstances – their crops from various pests, including weeds, insects and fungus.  Beyond such articulations, Defendant cannot interpret any

precise substance to the allegations contained in paragraph 9 of the *Amended Complaint*, and hence deny them.

10. Defendants deny that documents attached to the *Amended Complaint* as Exhibit A constitute the same documents described by Plaintiff in paragraph 10. Defendants cannot speak to the contents of Exhibit B as it was not attached to the *Amended Complaint*.

11. Defendants admit that Hat Trick is LPI's proprietary product and LPI controls its manufacturing and distribution to retailers, and that Hat Trick is sold by Defendant Nutrien. Any remaining allegations are denied.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of these statements, and therefore deny the same.

13. Defendants cannot speak to the contents of Exhibit C as it was not attached to the *Amended Complaint*. With regard to all other allegations contained in paragraph 13, Defendants lack knowledge or information sufficient to form a belief as to the truth of any statements, and therefore deny the same.

14. Defendants deny all allegations contained in paragraph 14 of the *Amended Complaint*.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of any statements, and therefore deny the same.

16. Defendants deny all allegations contained in paragraph 16 of the *Amended Complaint* regarding the formulated suitability or efficacy of any referenced Hat Trick®. With regard to all other allegations contained in paragraph 16, Defendants lack knowledge or information sufficient to form a belief as to the truth of any statements, and therefore deny the same.

ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES – 4

17. Defendants deny all allegations contained in paragraph 17 of the *Amended Complaint* regarding the formulated quality, suitability, or efficacy of any referenced Hat Trick®. With regard to all other allegations contained in paragraph 17, Defendants lack knowledge or information sufficient to form a belief as to the truth of any statements, and therefore deny the same.

### IV.  LEGAL CLAIMS

### COUNT I: BREACH OF CONTRACT

18. Defendants incorporate by reference all responses to Paragraph Nos. 1 through 17 as if stated fully herein.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny that Hat Trick® was defective or completely useless. Defendants are without sufficient information to form a belief as to the truth of the remaining allegations in paragraph 24, and therefore deny the same.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

### COUNT II: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

28. Defendants incorporate by reference all responses to Paragraph Nos. 1 through 27 as if stated fully herein.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

## COUNT III: NEGLIGENT FAILURE TO WARN

33. Defendants incorporate by reference all responses to Paragraph Nos. 1 through 32 as if stated fully herein.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

## COUNT IV: VIOLATION OF IDAHO CONSUMER PROTECTION ACT

40. Defendants incorporate by reference all responses to Paragraph Nos. 1 through 39 as if stated fully herein.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

## COUNT V: UNJUST ENRICHMENT

48. Defendants incorporate by reference all responses to Paragraph Nos. 1 through 47 as if stated fully herein.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants lack knowledge or information sufficient to form a belief as to the truth of the statements contained in paragraph 51, and therefore deny the same.

52. Paragraph No. 52 of the *Amended Complaint* states a legal conclusion to which no response is required.

53. Defendants deny the allegations in paragraph 53.

### V. PRAYER FOR RELIEF

As to Plaintiff's prayer for relief, Defendants deny that Plaintiff is entitled to any of the relief therein sought.

### VI. DEMAND FOR JURY TRIAL

Defendants demand a jury trial on all issues so triable.

### VII. AFFIRMATIVE DEFENSES

Defendants hereby assert the following affirmative defenses to all of Plaintiff's claims and causes of action.

1. Plaintiff's allegations and *Amended Complaint* fail to state a claim upon which relief can be granted.

2. Plaintiff's right to recover is preempted by law.

3. Plaintiff's allegations are barred by estoppel and/or waiver.

ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES – 7

4. Plaintiff's damages, if any, were proximately caused in whole or part by Plaintiff and its agents.

5. Plaintiff's damages, if any, were not caused by any product and/or service at issue in this dispute.

6. Plaintiff's claims for economic loss that are based on negligence, if any, are barred because tort damages are not available in actions for purely economic loss.

7. Plaintiff's claims are barred by its failure to comply with the directives for use set forth on relevant product labels and/or instruction manuals, which constitutes a deviation from federal law.

8. Plaintiff's right to recover is barred because it assumed all risks.

9. Plaintiff's right to recover is barred in whole or in part by contractual agreements and/or by operation of enforceable limitations of liability and/or disclaimers.

10. Plaintiff's damages, if any, were proximately caused in whole or in part by independent, intervening, and/or superseding events, and by the independent, intervening, and/or superseding acts or omissions of persons or entities other than Defendants, including Plaintiff itself and its agents.

11. To the extent Plaintiff suffered any damages, its right to recover is limited or vitiated in full by its failure to mitigate those damages.

12. Plaintiff's right to recover is barred because its damages, if any, were the result of unrelated, pre-existing or subsequent conditions unrelated to Defendants' conduct.

13. Plaintiff's claims are barred, preempted, or otherwise rendered null by the operation or effect of the Federal Insecticide, Fungicide & Rodenticide Act ("FIFRA"), codified at U.S.C. § 136, et seq.

ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES – 8

14. Plaintiff's claims are barred by the doctrine of unclean hands.

15. Plaintiff's claims against Defendants are invalidated by the fact that the relevant chemical products were altered or otherwise modified or adulterated after they left Defendants' possession or control.

16. Plaintiff's claims are invalidated by a misuse of the relevant chemical products that were abnormal and/or beyond any intended utilization of the same.

17. Plaintiff's claims are barred by the fact that Defendants provided all necessary and/or required warnings.

18. Plaintiff's claims are barred by its own failure to heed warnings.

19. Plaintiff's claims are invalid and without recourse because it lacks the capacity to sue, or is not the true party in interest.

## VIII. OTHER DEFENSES

20. Defendants have not had an opportunity to conduct sufficient investigations and discovery to determine whether additional defenses are available that may be pled at this time. Consistent with the requirements of Fed. R. Civ. P. 11 and 15, Defendants reserve the right to amend this Answer in the event that further inquiry and process reveal the existence of additional facts that support other defenses. Defendants further specifically reserve the right to join other parties as necessary for full adjudication of this matter.

**WHEREFORE**, Defendants pray for judgment against Plaintiff, that Plaintiff's *Amended Complaint* be dismissed with prejudice in its entirety, that Plaintiff take nothing thereby, and that Defendants be awarded costs, including expert fees and attorneys' fees, pursuant to applicable law, including Idaho Code §§ 12-120 and 12-121, as well as such other and further relief as this Court deems just and proper.

DATED this 10th day of August, 2021.

                                      **BAILEY & GLASSER LLP**

                                      /s/ *Nicholas A. Warden*
                                      Nicholas A. Warden
                                      *Attorneys for Defendants Nutrien Ag Solutions, Inc.*
                                      *and Loveland Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August, 2021, I filed the above-referenced document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul Thomas Clark           tclark@clarkandfeeney.com
*Attorneys for Plaintiff*

       /s/ *Nicholas A. Warden*
Nicholas A. Warden

ANSWER TO AMENDED COMPLAINT & AFFIRMATIVE DEFENSES – 11