PAUL THOMAS CLARK
CLARK and FEENEY, LLP
Attorneys for Plaintiffs
The Train Station
1229 Main Street
P.O. Drawer 285
Lewiston, Idaho  83501
Telephone:  (208)743-9516
Idaho State Bar No. 1329
Email: darla@clarkandfeeney.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NEZPERCE AG, INC., an Idaho Corporation, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NUTRIEN AG SOLUTIONS, INC., a )<br>Delaware corporation, LOVELAND )<br>PRODUCTS INC., a Colorado corporation, & )<br>JOHN DOES 1-3, )<br>)<br>Defendants. )<br>) | Case No.  CV 3:20-CV-00494-DNC<br><br>**PLAINTIFF'S SECOND AMENDED DISCLOSURE OF EXPERT WITNESSES** |

COMES NOW Plaintiff Nezperce Ag, Inc., by and through its undersigned counsel of record Paul Thomas Clark of the law firm Clark and Feeney, LLP and pursuant to the Federal Rules of Civil Procedure 26(a)(2)(A), 26(e)(1)(A) and District of Idaho Local Civil Rule 26.2, supplements the following information regarding Plaintiff's expert witnesses.  Notably, none of the following expert witnesses have been retained by Plaintiff.  As such, this supplement is limited to the requirements under Federal Rules of Civil Procedure 26(a)(2)(C), and does not include a written report by each respective expert witness.

**PLAINTIFFS' SECOND AMENDED DISCLOSURE OF EXPERT WITNESSES -1-**

Victor Li
Director of Analytical Services
Stillmeadow, Inc.
12852 Park One Drive
Sugar Land, Texas 77478
(281) 240-8828

- A complete statement of Victor Li's opinions formulated to date were previously provided his report (NP Ag 000005 to NP Ag 000038) and expected to be expressed at trial and the bases and reasons therefor pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i).

- The facts, data or other information considered by Victor Li in forming his opinion pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii) are contained in the above referenced report.

- Identification of any exhibits to be used as a summary of or support for Victor Li's opinions pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(iii) are contained in the above referenced report.

- Victor Li obtained a Bachelors Degree in Material Science from University of Science and Technology of Child and a Masters Degree in Chemistry from University of Wisconsin-Madison. Mr. Li has more than 14 years experience in different laboratories which include modern instruments and knowledge concerning lab analysis.

- A list of any other cases in which Victor Li has testified as an expert at trial or by deposition within the preceding four years pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(v) is being obtained and will be provided upon receipt.

- A statement of the compensation to be paid for the study and testimony in the case is attached hereto.

- *Subject matter on which Mr. Li is expected to present evidence, under Fed. R. Civ. P. 26(a)(2)(C)(i)*: **Mr. Li is an engineer and chemist employed with StillMeadow Incorporated ("StillMeadow"). StillMeadow provides drug development, toxicology, animal health, and analytical services, which Plaintiff employed in June 2019 to run various lab analyses on the Hat Trick Three Way Herbicide ("the Herbicide"), the chemical product that is subject to this litigation. The various lab analyses were also called "his report" and previously disclosed as NP AG000005 to NP AG 000038. Mr. Li is the director of analytical services department at StillMeadow. The subject matter he is expected to present evidence will address information pertaining to the lab analyses on one of the fields that the Herbicide was applied. Mr. Li's expected testimony will also address his knowledge of the scientific method of the lab analysis conducted on the Herbicide and the compounds contained in the Herbicide, the**

reliability of those lab tests, the potential rate of error, and the existence and maintenance of standards and controls in the lab analysis.

- *Summary of Mr. Li's opinions and the facts relevant to those opinions, under Fed. R. Civ. P. 26(a)(2)(C)(ii)*: StillMeadow assessed and confirmed the percentages of active ingredients in the Herbicide through lab testing. The lab tests analyzed the chemical composition and other properties of the Herbicide. Mr. Li's opinion that the Herbicide was not in compliance with the representations made by Defendants (that it would adequately protect farmers' fields from weeds and not suitable for the wheat that the Herbicide was used on) is based on the results from those lab tests.

Jeffry Pritchard, CEO
WestLink Ag Cooperative
35 E. Bower Street, Suite A
Meridian, Idaho 83642
(208) 884-0566
jpritchard@westlinkag.net

- Mr. Pritchard has over thirty (30) years experience in the agricultural inputs space, both US and International. Mr. Pritchard assisted the Plaintiff in locating and forwarding the chemical samples for testing.

- Mr. Pritchard has not published any articles and has not testified as an expert witness.

- It is unknown at this time what Mr. Pritchard's compensation for testimony would be.

- *Subject matter on which Mr. Pritchard is expected to present evidence, under Fed. R. Civ. P. 26(a)(2)(C)(i)*: Mr. Pritchard is expected to present evidence regarding the chain of custody of the chemical samples used to analyze the aforemention various lab tests on the Herbicide and field.

- *Summary of Mr. Pritchard's opinions and the facts relevant to those opinions, under Fed. R. Civ. P. 26(a)(2)(C)(ii)*: Mr. Pritchard's testimony will address the factual circumstances under which WestLink Ag Cooperative assisted Plaintiff in locating a facility to conduct the various aforementioned lab tests on the Herbicide and field.

Dr. Claudia Geitner
Representative of Sigma-Aldrich
3050 Spruce Street
Saint Louis, MO 63103
techserv@siai.co

- A complete statement of Dr. Geitner's opinions formulated to date were previously provided her report (NP Ag 000005 to NP Ag 000038) and expected to be expressed at trial and the bases and reasons therefor pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(i);

- The facts, data or other information considered by Dr. Geitner in forming her opinion pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(ii) are contained in the above referenced report;

- Identification of any exhibits to be used as a summary of or support for Dr. Geitner's opinions pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(iii) are contained in the above referenced report;

- Dr. Geitner is the Project Manager Operations Strategy Life Science which includes assuring clients that the chemical makeup of a product is what is provided on the label. Dr. Geitner is also the head of Quality Control of Sigma-Aldrich. Dr. Geitner attended Universitat des Saarlandes.

- A list of any other cases in which Dr. Geitner has testified as an expert at trial or by deposition within the preceding four years pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(v) will be provided upon receipt.

- A statement of the compensation to be paid for the study and testimony in the case is attached hereto.

- *Subject matter on which Dr. Geitner is expected to present evidence, under Fed. R. Civ. P. 26(a)(2)(C)(i)*: **At this time, Counsel understands that Dr. Geitner is the quality control manager at Sigma-Aldrich, the company that StillMeadow purchased the reference analytical standards for the lab tests conducted on the Herbicide and the field. The subject matter Dr. Geitner is expected to present will address those lab tests and the method in which those lab tests were conducted. Her scientific knowledge regarding the reliability of those lab tests, the potential rate of error, and the existence and maintenance of standards and controls in the lab analysis is also expected testimony.**

- *Summary of Dr. Geitner's opinions and the facts relevant to those opinions, under Fed. R. Civ. P. 26(a)(2)(C)(ii)*: **The lab tests analyzed the chemical composition and other properties of the Herbicide. The lab also analyzed one of the fields that the Herbicide was applied. Dr. Geitner's testimony may include information regarding the compounds and active ingredients contained in the Herbicide, and how they correlated or deviated from the basic Herbicide formula distributed with the product**.

Steve Boyer
Boyer Gromore, Inc.
24676 Garden Gulch Road
Culdesac, Idaho 83524

- Mr. Boyer has been farming for more than twelve (12) years. Based on Mr. Boyer's years of experience as a farmer he is familiar with the crops needs for fertilization, water and the yield to be expected. Mr. Boyer is also familiar with the need to weed control, when the product should be applied and what the results of said product should be. Mr. Boyer will be able to testify the effects of the weed killer not working and what happens to the crops yields.

- Mr. Boyer is qualified based on having more than twelve (12) years in the farming industry. It is not common practice for farmers to maintain a curriculum vitae.

- Mr. Boyer has not testified as an expert witness or published any articles.

- It is unknown at this time what Mr. Boyer would be paid for testimony in the case.

Buck Boyer
Boyer Gromore, Inc.
24676 Garden Gulch Road
Culdesac, Idaho 83524

- Mr. Boyer has been farming for more than twelve (12) years. Based on Mr. Boyer's years of experience as a farmer he is familiar with the crops needs for fertilization, water and the yield to be expected. Mr. Boyer is also familiar with the need to weed control, when the product should be applied and what the results of said product should be. Mr. Boyer will be able to testify the effects of the weed killer not working and what happens to the crops yields.

- Mr. Boyer is qualified based on having more than twelve (12) years in the farming industry. It is not common practice for farmers to maintain a curriculum vitae.

- Mr. Boyer has not testified as an expert witness or published any articles.

- It is unknown at this time what Mr. Boyer would be paid for testimony in the case.

Kyle Meacham
Meacham Farms
2091 Brannan Road
Nezperce, Idaho 83543

**PLAINTIFFS' SECOND AMENDED DISCLOSURE OF EXPERT WITNESSES -5-**

- Mr. Meacham has been farming for more than fourteen (14) years. Based on Mr. Meacham's years of experience as a farmer he is familiar with the crops needs for planting, fertilization, water and the yield to be expected. Mr. Meacham is also familiar with the need for weed control, when the product for weed control should be applied and what the results of said product should be. Mr. Meacham will be able to testify the effects of the weed killer not working and what happens to the crops yields.
- Mr. Meacham is qualified based on having more than fourteen (14) years in the farming industry. It is not common practice for farmers to maintain a curriculum vitae.
- Mr. Meacham has not testified as an expert witness or published any articles.
- It is unknown at this time what Mr. Meacham would be paid for testimony in the case.

Karen Meacham
77 Ranch
2091 Brannan Road
Nezperce, Idaho 83543

- Ms. Meacham has been farming for more than twenty-three (23) years. Based on Ms. Meacham's years of experience as a farmer she is familiar with the crops needs for planting, fertilization, water and the yield to be expected. Ms. Meacham is also familiar with the need for weed control, when the product for weed control should be applied and what the results of said product should be. Ms. Meacham will be able to testify the effects of the weed killer not working and what happens to the crops yields.
- Ms. Meacham is qualified based on having more than twenty-three (23) years in the farming industry. It is not common practice for farmers to maintain a curriculum vitae.
- Ms. Meacham has not testified as an expert witness or published any articles.
- It is unknown at this time what Ms. Meacham would be paid for testimony in the case.

Greg Branson
Branson Farms
2590 Branson Road
Nezperce, Idaho 83543

- Mr. Branson has been farming for more than seventeen (17) years. Based on Mr. Branson's years of experience as a farmer he is familiar with the crops needs for fertilization, water and the yield to be expected. Mr. Branson is also familiar with the need to weed control, when the product should be applied and what the results of said product should be. Mr. Branson will be able to testify the effects of the weed killer not working and what happens to the crops yields.

- Mr. Branson is qualified based on having more than seventeen (17) years in the farming industry. It is not common practice for farmers to maintain a curriculum vitae.

- Mr. Branson has not testified as an expert witness or published any articles.

- It is unknown at this time what Mr. Branson would be paid for testimony in the case.

Justin McCleod
McCleod LLC
2825 Hwy 64
Nezperce, Idaho 83543

- Mr. McCleod has been involved in the family farm which has been handed down and operating for the past two generation. Based on Mr. McCleod's years of experience as a farmer he is familiar with the crops needs for fertilization, water and the yield to be expected. Mr. McCleod is also familiar with the need to weed control, when the product should be applied and what the results of said product should be. Mr. McCleod will be able to testify the effects of the weed killer not working and what happens to the crops yields.

- Mr. McCleod is qualified based on having several years in the farming industry. It is not common practice for farmers to maintain a curriculum vitae.

- Mr. McCleod has not testified as an expert witness or published any articles.

- It is unknown at this time what Mr. McCleod would be paid for testimony in the case.

**Steve Boyer, Buck Boyer, Kyle Meacham, Karen Meacham, Greg Branson, and Justin McCleod are collectively referred to as "the Farmers."**

- *Subject matter on which the Farmers are expected to present evidence, under Fed. R. Civ. P. 26(a)(2)(C)(i)*: **This group of experts have all been long term customer of Plaintiff and have used the Herbicide on their fields for numerous growing seasons. Confirmation of the Farmers various orders can be views at NP Ag 000059 - NP Ag 000066. They also all have decades of experience in the agriculture and farming industry, and use on their fields of the Herbicide. For instance, the Boyer's family farms has used the Herbicide for over 21 years, and purchased and applied over 10,000 gallons of the Herbicide onto their grower's field.**

    **The Farmers are expected to testify on the factual circumstances regarding the historic use of the Herbicide on their fields by applying the Herbicide to crops such as Blue Grass, Winter Wheat, Barley and Spring Wheat, the characteristics of crop growth, and the expected results from using the Herbicide to combat weeds. They are also**

**PLAINTIFFS' SECOND AMENDED DISCLOSURE OF EXPERT WITNESSES -7-**

> expected to testify to the numerous crop and field problems in 2018/2019 after the Herbicide was used on their fields. All the listed Farmers had the same historic experience with the Herbicide.

- *Summary of the farmer's opinions and the facts relevant to those opinions, under Fed. R. Civ. P. 26(a)(2)(C)(ii)*: The Farmers are expected to testify regarding the factual circumstance of who, when, where, how, and why the Herbicide was applied to their fields, and that the Herbicide's application did not deviate from previous growing seasons, and that no other variations were made to result in weeds not dying and minimal crop yield. The necessity of weed control, and other farming practices is also expected testimony. It is the Farmers' practice to inspect the fields prior to applying the Herbicide to determine the rate of the chemical needed to be applied based on the type and size of the weeds that are growing in the fields. A few days after the Herbicides application the Farmers will inspect the fields again to check for weed control success based on the Herbicide's intended purpose.

Gene Harris
Employee of Nezperce Ag, Inc.
PO Box 24
Nezperce, Idaho 83543

- Mr. Harris has been employed by Nezperce Ag, Inc. for approximately thirteen (13) years. Mr. Harris is responsible for applying the weed control chemicals to the local farmers who contract with Nezperce Ag, Inc. for assistance in weed control. Mr. Harris is experienced in applying the weed killer.

- Mr. Harris is qualified based on having more than thirteen (13) years experience in applying weed control chemicals to crops. It is not common practice for farmers to maintain a curriculum vitae.

- Mr. Harris has not testified as an expert witness or published any articles.

- It is unknown at this time what Mr. Harris would be paid for testimony in the case.

- *Subject matter on which Mr. Harris is expected to present evidence, under Fed. R. Civ. P. 26(a)(2)(C)(i)*: Mr. Harris is expected to present evidence regarding his numerous years spraying farms in Idaho since September 2008. He is expected to testify to the method in which crop fields are sprayed with the Herbicide, and what is typically expected after application of the Herbicide (based on his numerous years as a sprayer), and how the growing season of 2018/2019 varied from previous growing seasons. Mr. Harris prepares the Herbicide, under Mr. Barnett's supervision and direction, in accordance with the directions on the label based on the rate of chemical from the type and size of weed needing to be controlled.

- *Summary of Mr. Harris's opinions and the facts relevant to those opinions, under Fed. R. Civ. P. 26(a)(2)(C)(ii)*: Mr. Harris is expected to testify on the factual circumstances regarding the historic application of the Herbicide on various fields throughout his thirteen years of employment with Plaintiff, the characteristics of crop growth, and the expected results from using the Herbicide to combat weeds. Mr. Harris is expected to present evidence regarding the Herbicide's application to farming fields and that it did not deviate from previous growing seasons, and that no other variations were made to result in weeds not dying and minimal crop yield. He is also expected to testify to the numerous crop and field problems in 2018/2019 after the Herbicide was used on the various fields. Mr. Harris has sprayed hundreds of acres containing crops such as Blue Grass, Winter Wheat, Barley and Spring Wheat. Mr. Harris is familiar with the label on the Herbicide and can testify to the instructions on mixing the Herbicide in the appropriate rate for needed weed control.

Pat Barnett
Owner/Employee of Nezperce Ag, Inc.
PO Box 24
Nezperce, Idaho 83543

- Mr. Barnett started Nezperce Ag, Inc. in 1999. Prior to starting his own business he worked for The McGregor Company for approximately eleven (11) years. Mr. Barnett is responsible for determining the rate of the weed control chemicals needing to be applied to a field to the local farmers who contract with Nezperce Ag, Inc. for assistance in weed control. Mr. Barnett is experienced in determining the rate of the weed killer needed for weed control.

- Mr. Barnett is qualified based on having more than thirty-four (34) years experience in determining the rate of weed control chemicals needing to be applied to crops. It is not common practice for farmers to maintain a curriculum vitae.

- Mr. Barnett has not testified as an expert witness or published any articles.

- It is unknown at this time what Mr. Barnett would be paid for testimony in the case.

- *Subject matter on which Mr. Barnett is expected to present evidence, under Fed. R. Civ. P. 26(a)(2)(C)(i)*: Mr. Barnett is expected to present evidence regarding his numerous years determining the rate of chemical needed for weed control on farms in Idaho since 1998. He is expected to testify regarding the method in which he would determine the rate of Herbicide needed, according to the Herbicide label. He is expected to testify regarding what is typically expected after application of the Herbicide (based on his numerous years fieldhand and plant manager), and how the growing season of 2018/2019 varied from previous growing seasons.

**PLAINTIFFS' SECOND AMENDED DISCLOSURE OF EXPERT WITNESSES -9-**

- ***Summary of Mr. Barnett's opinions and the facts relevant to those opinions, under Fed. R. Civ. P. 26(a)(2)(C)(ii)*: Mr. Barnett is expected to testify on the factual circumstances regarding the historic application of the Herbicide on various fields throughout his twenty-three years of employment with Plaintiff, the characteristics of crop growth, and the expected results from using the Herbicide to combat weeds. Mr. Barnett is expected to present evidence regarding the Herbicide's application to farming fields and that it did not deviate from previous growing seasons, and that no other variations were made to result in weeds not dying and minimal crop yield. Mr. Barnett can explain which crops the Herbicide was applied to such as Blue Grass, Winter Wheat, Barley and Spring Wheat. He is expected to further present evidence on how to determine the rate of chemical needed based on the type and size of weeds needing to be controlled from growing in the fields. He is also expected to testify to the numerous crop and field problems in 2018/2019 after the Herbicide was used on the various fields. Mr. Barnett is familiar with the label on Hat Trick and can testify to how to properly mix the chemical for the expected results based on the claims of the product.**

DATED this 7th day of February, 2022.

                                CLARK AND FEENEY, LLP

                                By:   /s/ Paul Thomas Clark
                                    Paul Thomas Clark
                                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th February, 2022, I caused to be served a true and correct copy of the foregoing document by the method indicated below, and addressed to the following:

| Benjamin A. Schwartzman<br>Nicholas A. Warden | Electronic Delivery |
|---|---|

                                By:         /s/ Paul Thomas Clark
                                    Attorney for Plaintiff