Benjamin A. Schwartzman (ISB No. 6512)
*bschwartzman@baileyglasser.com*
Nicholas A. Warden (ISB No. 9179)
*nwarden@baileyglasser.com*
**BAILEY & GLASSER LLP**
950 W. Bannock St., Ste. 940
Boise, ID 83702
Telephone: (208) 342-4411
Facsimile: (208) 342-4455

*Attorneys for Defendants Nutrien Ag Solutions, Inc.*
*And Loveland Products, Inc.*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NEZPERCE AG, INC., an Idaho Corporation,<br><br>Plaintiff,<br><br>v.<br><br>NUTRIEN AG SOLUTIONS, INC., a Delaware Corporation; LOVELAND PRODUCTS, INC., a Colorado corporation, and JOHN DOES 1-3,<br><br>Defendants. | Case No. 3:20-cv-00494-SM<br><br>**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY** |

Defendant, Nutrien Ag Solutions, Inc. ("Defendant" or "Nutrien"), through the undersigned counsel and pursuant to Federal Rules of Civil Procedure 33 and 37 and Local Rules 37.1 and 37.2, files a Motion to Compel Plaintiff, Nezperce Ag, Inc. ("Plaintiff" or "Nezperce"), to provide full, complete, and non-evasive answers to interrogatories propounded on it.

### I.   INTRODUCTION

This lawsuit centers on allegations of crop damage resulting from an allegedly defective chemical agricultural input known as "Hat Trick" sold by Nutrien. Nutrien disputes the allegations in the complaint and sought discovery on Plaintiff's allegations and purported damages. To that

end, Nutrien served discovery requests, including requests for production and interrogatories, on Plaintiff on November 23, 2021. Declaration of Nicholas Warden in Support of Motion to Compel ("Warden Decl.") ¶ 3, Ex. A Plaintiff responded on December 22, 2021. *Id*. ¶ 4, Ex. B. On March 17, 2022, after Nutrien sent Plaintiff a discovery deficiency letter outlining issues with Plaintiff's discovery responses, Plaintiff supplemented its responses. *Id*. ¶¶ 5-6, Exs. C & D. Plaintiff's interrogatory responses, however, remain deficient, non-responsive, and/or evasive.

## II.     MEMORANDUM OF LAW

Federal Rule of Civil Procedure ("FRCP") 37(a)(3)(B) provides, in pertinent part, that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." F.R.C.P. 37(a)(3)(B). A motion is proper where a party fails to answer an interrogatory or fails to respond to a request pursuant to Rule 34. F.R.C.P. 37(a)(3)(B)(iii) and (iv). Additionally, subsection (4) of Rule 37(a) states that an "evasive or incomplete . . . answer, or response must be treated as a failure to . . . answer, or respond." F.R.C.P. 37(a)(4).

Federal Rule of Civil Procedure 26(b)(1) provides that parties can obtain discovery regarding any non-privileged, relevant matter. "Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence." *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D.Cal.1996). As commented upon by one district court:

> A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action. Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought can have no possible bearing upon the subject matter of this action.

*Jones v. Commander, Kansas Army Ammunitions Plant*, 147 F.R.D. 248, 250 (D.Kan.1993). The party who resists discovery has the burden to show that discovery should not be allowed, and has

the burden of clarifying, explaining, and supporting its objections. *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D.N.J.1990).

Moreover, "[i]t is well established that an answer to an interrogatory 'must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.'" *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 650 (N.D.Ind.1991)(citing 4A J. Moore, J. Lucas, Moore's Federal Practice § 33.25[1](2d ed.1991)); *see also United States v. Dist. Council of New York City and Vicinity of United Broth. Of Carpenters and Joiners of America*, 1992 WL 188379 (S.D.N.Y.1992) ("Where the interrogating party makes a request for an answer to certain questions, a [party] responds inappropriately by merely designating documents because the interrogatory did not call for business records."); *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D.Kan.1991) ("Incorporation by reference to a deposition is not a responsive answer.").

Plaintiff has provided non-responsive, incomplete, and/or evasive responses to Interrogatories 8, 12, 13, 14, 15, 18, 19, 20, 21, and 22. Plaintiff failed to respond to the foregoing interrogatories with specificity and in most instances, instead, impermissibly referenced hundreds of pages of documents produced by both parties in this case in their entirety. Because the discovery sought is relevant to Plaintiff's claims and defenses and is reasonably calculated to lead to the discovery of admissible evidence, the Court should compel Defendants to provide full, complete, and non-evasive answers to the Interrogatories.

A.  **Interrogatory Number 8**

    INTERROGATORY NO. 8: State in detail all facts that support, tend to support, contradict, or tend to contradict, YOUR contention in paragraph 14 of YOUR

> FIRST AMENDED COMPLAINT that the Hat Trick purchased by You in 2019 had an unreasonably dangerous defect that injured one or more of YOUR customers.
>
> ANSWER: Plaintiff objects to this Interrogatory in that it calls for an engineering or chemical analysis and/or characterization conclusion. Please note that discovery is still ongoing, Plaintiff may become aware of other documents which support its case and reserve the right to rely on the same, including any and all documents obtained or provided via discovery in this matter.
>
> SUPPLEMENTAL ANSWER: See bate stamp documents NAS000001 to NAS000390. Said documentation contains test results which were below the requisite standards needed for the herbicide to be effective. Said documentation also contains test results that came back inclusive.

In response to Interrogatory Number 8, Plaintiff simply points to 390 pages of documents produced by *Nutrien* in this matter. Plaintiff failed to answer the question asked. Plaintiff did not provide a singular fact to support its allegation that Hat Trick had an unreasonably dangerous defect. This request does not seek an engineering or chemical analysis nor a "characterization conclusion," nor is the implication of facts related to engineering or chemical analysis a valid basis to provide no response to a request for information during discovery. Defendant simply requests that Plaintiff provide facts that support or contradict an allegation it made against Nutrien. If Plaintiff cannot do so, it should so state. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

**B.    Interrogatory Number 12**

> INTERROGATORY NO. 12: State all facts that support, tend to support, contradict, or tend to contradict, YOUR contention in paragraph 15 of YOUR FIRST AMENDED COMPLAINT that Hat Trick YOU either sold to customers or applied to customer fields failed to work as expressly and impliedly warranted, or that the product otherwise did not control weeds amidst the crops of any third-party, including YOUR customers.
>
> ANSWER: Hat Trick Three Way Herbicide label section Limitation of Warranty and Liability document states, "warrants that this product conforms to the chemical description on the label and is reasonably fit for the purposes stated in the Directions for Use when the product is used in strict accordance with such Directions for Use under normal conditions of use." and continues by stating "TO

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 4

>THE EXTENT CONSISTENT WITH APPLICABLE LAW, THE BUYER'S OR USER'S EXCLUSIVE REMEDY FOR ANY INJURY, LOSS, OR DAMAGE RESULTING FROM THE HANDLING OR USE OF THIS PRODUCT, INCLUDING BUT NOT LIMITED TO CLAIMS OF BREACH OF WARRANTY OR CONTRACT, NEGLIGENCE, STRICT LIABILITY, OR OTHER TORTS, SHALL BE LIMITED TO ONE OF THE FOLLOWING AT THE ELECTION OF LOVELAND PRODUCTS, INC. OR THE SELLER: DIRECT DAMAGES NOT EXCEEDING THE PURCHASE PRICE OF THE PRODUCT OR REPLACEMENT OF THE PRODUCT." To date Nutrien Ag Solutions, Inc. nor Loveland Products, Inc. has not paid for any damages or product replacement.
>
>SUPPLEMENTAL ANSWER: See bate stamp documents NP Ag 000059 to NP Ag 000066 which contains a list of customers and the amount of Hat Trick sold to said customer. See additional bate stamp documents NAS000001 to NAS000390. See also attached hereto as NP Ag 000304 to NP Ag 000757.

Plaintiff's response and supplemental response to Interrogatory Number 12 is evasive. First, Plaintiff merely recited the warranty language on the Hat Trick product label. Then, in its supplemental answer, Plaintiff points Defendant to 390 pages of its own documents and over 450 pages of documents Plaintiff produced containing "a list of customers and the amount of Hat Trick sold to said customer." These answers are non-responsive. Defendant did not ask for a list of customers or for a recitation of the warranty language. Plaintiff failed to provide any facts that support or contradict the allegation that Hat Trick failed to work as warranted and did not control weeds. Plaintiff should provide such facts and if Plaintiff cannot do so, it should so state. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

C.   **Interrogatory Number 13**

>INTERROGATORY NO. 13: State all facts that support, tend to support, contradict, or tend to contradict, YOUR contention in paragraph 15 of YOUR FIRST AMENDED COMPLAINT that Hat Trick YOU either sold to customers or applied to customer fields in 2019 prevented or otherwise adversely impacted expected crop yields of YOUR customers.
>
>ANSWER: Plaintiff objects to this Interrogatory in that it calls for an engineering or chemical analysis and/or characterization conclusion. Please note that discovery is still ongoing, Plaintiff may become aware of other documents which support its

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 5

case and reserve the right to rely on the same, including any and all documents obtained or provided via discovery in this matter. Without waiving said object see StillMeadow Inc., Disposition of Study Documentation Agreement attached to Plaintiff's Initial Disclosure as bate stamp NP Ag 000005 to NP Ag 000038. Also attached are photographs of various crops documenting the ineffectiveness of Hat Trick during the 2019 growing season.

SUPPLEMENTAL ANSWER: See bate stamp NP Ag 000059 to NP Ag 000066. See also documents provided and bate stamped as NAS00000l to NAS000390. See also attached hereto as NP Ag 000304 to NP Ag 000757.

Plaintiff's response to Interrogatory Number 13 is non-responsive and evasive. This request does not seek an engineering or chemical analysis nor a "characterization conclusion" Nor is the implication of information related to chemistry of engineering a valid basis not to respond to a discovery request. Rather, Nutrien seeks facts that support or contradict paragraph 15 in the First Amended Complaint that the Hat Trick Plaintiff sold or applied to customer's fields in 2019 prevented or impacted expected crop yields. Instead of responding with facts, as requested, Plaintiff attaches – without explanation – photographs of crops and a Study Documentation Agreement. Documents related to testing performed by Stillmeadow Labs are not facts and it is also unclear how testing by Stillmeadow relates to Plaintiff's contention that its customers suffered a loss of crop yield in 2019.

Worse, in its supplemental response, Plaintiff points Defendant to 390 pages of its own documents and over 450 pages of documents Plaintiff produced containing a list of customers and customer invoices. This is non-responsive. Defendant did not ask for a list of customers or for customer invoices. Plaintiff failed to provide any facts that support or contradict the allegation that Hat Trick impacted crop yields. Plaintiff should provide such facts if they exist. If it cannot do so, it should so state. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 6

D.   **Interrogatory Number 14**

    INTERROGATORY NO. 14: For each cause of action in the AMENDED COMPLAINT, and for each Defendant, separately describe in detail each act or omission on the part of each Defendant that you contend was a legal cause of the damages sought.

    ANSWER: Plaintiff objects to this Interrogatory in that it calls for a legal conclusion. Please note that discovery is still ongoing, Plaintiff may become aware of other documents which support its case and reserve the right to rely on the same, including any and all documents obtained or provided via discovery in this matter.

    SUPPLEMENTAL ANSWER: See bate stamped documents NAS000001 to NAS000390. Plaintiff reserves the right to supplement this answer as it may become aware of other documents which support its case.

Plaintiff's response to Interrogatory Number 14 is similarly non-responsive. Interrogatory Number 14 asks Plaintiff to separately describe each act or omission on the part of each Defendant that Plaintiff contends was a legal cause of the damages sought. Plaintiff provided no facts in response and instead objected on the grounds that the request calls for a legal conclusion. The request does not call for a legal conclusion and instead calls for the disclosure of facts underlying Plaintiff's claims in this matter.

Even assuming the request did call for a legal conclusion, the objection is invalid and should be overruled. The fact that an interrogatory seeks a legal conclusion is not grounds for an objection as a matter of law. *See e.g., Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 648 (D.Kan.2004) ("that a discovery request 'calls for a legal conclusion' is not valid objection"); *see also WhitServe LLC v. Computer Patent Annuities N. America*, 2006 WL 1273740 *2, 2006 U.S. Dist. LEXIS 27048 *6 (D.Conn.2006) (party may even "demand that its opponent state exactly what its claims are, even asking for legal conclusions or opinions").

Plaintiff's supplemental response is similarly non-responsive. Plaintiff merely points Defendant to 390 pages of its own document production. These documents consist of a large mixture of documents produced to date including Stillmeadow, Inc. testing results; Nutrien's 2019

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 7

Hat Trick spray trial; Pacific Ag Lab's sample analyses, results, report, and related communications; Nutrien RCA & CAR Summary Document; Buck Boyer aka Boyer's Gromore claim communication; Hat Trick purchase orders and invoices to Nezperce Ag, Inc.; 2018 through 2020 product sales to Nezperce Ag, Inc.; and Hat Trick regulatory files submitted to the EPA by Loveland Products, Inc. and related correspondence. A range of bates numbers referencing such a vast array of documents is not responsive to the interrogatory. The Plaintiff should provide a statement of facts for each cause underlying its claims just as the interrogatory requests. If it cannot do so, it should so state. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

**E.      Interrogatory Number 15**

INTERROGATORY NO. 15: For each item of loss or damage that YOU attribute to the claims alleged in this action, and for each Defendant named in this action, state the following;

   a. The nature and location of the loss or damage;

   b. When YOU became aware of the loss or damage;

   c. When and how YOU notified one or more of the Defendants of the loss or damage, including any and all attempts YOU made to provide either Defendant with information related thereto;

   d. All action taken to mitigate the loss or damage;

   e. The amount of each item of loss or damage and a complete statement of how each amount was calculated.

ANSWER: Plaintiff objects to this Interrogatory to the extent it seeks information that is not within Plaintiff's possession, custody or control. Plaintiff further objects to this Interrogatories to the extent it is overly broad, unduly burdensome and/or oppressive. Without waiving said objection, Plaintiff would rely on documentation provided in Plaintiffs Initial Disclosure dated January 12, 2021, and Plaintiff First Amended Initial Disclosure dated April 8, 2021. Please note that discovery is still ongoing, Plaintiff may become aware of additional documentation which support its case and reserve the right to rely on the same, including any and all documents obtained or provided via discovery in this matter.

>SUPPLEMENTAL ANSWER: See bate NP Ag 000001 to NP Ag 000303 and NAS000001 to NAS000390 and see NP Ag 000304 to NP Ag 000757.

Plaintiff's response and supplemental response to Interrogatory Number 15 are both non-responsive. Indeed, the responses provide no information and instead Plaintiff objects on the grounds of undue burden and then generally references documents previously produced during discovery to date. The boiler-plate objection based on burden is improper and unfounded. In general, responding to an interrogatory with a reference to another interrogatory or to a document or pleading is improper. *See, e.g., Logansport Comm. School Corp.*, 139 F.R.D. at 650.

Moreover, in its supplemental response, Plaintiff points Defendant to 390 pages of its own documents and over 750 pages of documents Plaintiff produced containing a list of customers and customer invoices. This is clearly non-responsive and improper. Defendant did not ask for a list of customers or for customer invoices. Defendant seeks information regarding Plaintiff's alleged damages. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

**F.    Interrogatory Number 18**

>INTERROGATORY NO. 18: Describe every act or omission by each Defendant that YOU allege to be a breach of any agreement you allege to exist in this case and give the date of each.

>ANSWER: Plaintiff objects to this interrogatory on the grounds that it is vague and confusing. Plaintiff also objects to this interrogatory on the grounds that it seeks protected attorney work product. Without waiving said objection, Plaintiff answers as follows: See Answer to Interrogatory No. 12 above.

>SUPPLEMENTAL ANSWER: See bate stamp documents NAS000001 to NAS000390.

Plaintiff's response to Interrogatory Number 18 provides no information and instead objects – without explanation – on the grounds that it finds the request "vague and confusing." Plaintiff then incorporates its response to Interrogatory Number 12. The request is straightforward

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 9

and direct on its face and the objection is without basis. Plaintiff filed breach of contract claims against both Defendants. The request seeks to explore the basis of those claims. As detailed above, general reference to a response to another interrogatory is insufficient and Plaintiff's response to Interrogatory Number 12 is also deficient. *See, e.g., Logansport Comm. School Corp.*, 139 F.R.D. at 650.

In its supplemental response, Plaintiff continues to refuse to respond to the interrogatory by inexplicably referring Nutrien to 390 pages of its own document production. As stated above, these documents consist of a wide range of documents none of which appear to relate to the interrogatory and the general reference to which is non-responsive and improper. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

G. **Interrogatory Number 19**

>INTERROGATORY NO. 19: IDENTIFY (a) the terms of any warranty for any product implicated by the allegations in YOUR AMENDED COMPLAINT, (b) any act or omission by either Defendant that YOU contend violate the terms of any such warranty, and (c) state all material facts that serve as the basis for YOUR contention that one or more of those terms was violated.

>ANSWER: See Answer to Interrogatory No. 12 above.

>SUPPLEMENTAL ANSWER: See bate stamp documents NAS000001 to NAS000390, further the Plaintiff reserves the right to supplement this answer.

Plaintiff's response to Interrogatory Number 19 is incomplete. Plaintiff refers to its response to Interrogatory Number 12, which merely recites warranty language. Plaintiff, however, did not respond to subpart (b) and (c) of Interrogatory Number 19. In its supplemental response, Plaintiff continues to refuse to fully respond to the interrogatory by referring Nutrien to the same 390 pages of its own document production. As stated above, these documents are wide ranging in subject matter and are not responsive to the interrogatory. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

H.    **Interrogatory Number 20**

INTERROGATORY NO. 20: To the extent YOU contend that any crop acreage, fields or agricultural operations owned by YOU or YOUR customers was impacted, damaged or destroyed as a result of the application of the product at issue in this case, please state facts sufficient to establish the following information regarding any such impact, damage or destruction.

   a. The number of acres contained in the fields subject to each application;

   b. The identity of the owner of each acre subject to each application;

   c. The identity of the applicator of NUTRIEN'S CROP INPUTS on each acre at issue;

   d. For each year beginning in 2016 through 2020, the identity of each crop that was grown in fields subject to each application and if more than one crop was grown in a particular field, the amount of acreage of each crop grown in each field;

   e. The quantity and price of each crop sold from fields subject to each application for each year beginning in 2016 through 2020;

   f. For every type of crop cultivated on acreage subject to any application of NUTRIEN CROP INPUT YOU claim to be at issue, the average production per acre of that crop that was not allegedly damaged;

   g. All sampling, testing, analyses or evaluation of any nature conducted on the fields subject to each application.

ANSWER: Plaintiff objects to this Interrogatory to the extent it seeks information that is not within Plaintiffs possession, custody or control. Plaintiff further objects to this Interrogatory to the extent it is overly broad, unduly burdensome and/or oppressive as the Plaintiff cannot be expected to track from 2016 through 2020, the identity of each crop that was grown in fields for each customer, the quantity and price of each crop sold from fields for each customer, every type of crop cultivated on acreage which had any application or the average production per acre of that crop that was not allegedly damaged.

SUPPLEMENTAL ANSWER: See bate stamp documents NP Ag 000059 to 000066 and NAS000001 to NAS000390 and NP Ag 000304 to NP Ag 000757.

Plaintiff's objections to Interrogatory Number 20 are unfounded. For example, subsection (a) asks for the number of acres to which the batches of Hat Trick at issue were applied. There is nothing burdensome or oppressive about this request and the information sought is both

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY - 11

fundamental and necessary to both the prosecution and defense of the claim for crop loss. This request goes to a central issue in this dispute. Moreover, Plaintiff can absolutely be expected to identify "each crop that was grown in fields for each customer, the quantity and price of each crop sold from fields for each customer, [and] every type of crop cultivated on acreage which had any application or the average production per acre of that crop that was not allegedly damaged." Plaintiff, apparently in agreement with the foregoing, supplemented its answer after receipt of Defendant's deficiency letter.

Plaintiff's supplemental answer, however, is no better. Plaintiff again refers Defendant to the same 390 documents Defendant produced. As detailed above, none of these documents are responsive to Defendant's interrogatories. Plaintiff also refers Defendant to over 450 documents that Plaintiff produced containing a list of customers and customer invoices. This is only partially responsive to subsection (b). The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

I.   **Interrogatory Number 21**

INTERROGATORY NO. 21: To the extent YOU contend that YOU incurred incidental, consequential, or mitigation expenditures for the purpose of preventing the loss of customer relationships or for some other purpose, and that these expenditures are attributable to acres of crops YOU allege were damaged/destroyed as a result of the product at issue in this case, please state facts sufficient to establish the following information relevant to that contention:

   a. A detailed, itemized list and computation that identifies all such expenditures and what was paid by Plaintiff for each. In your response, please delineate which batch of product and which application you contend necessitated each purchase listed.

   b. A statement of all facts concerning Plaintiffs determination that longstanding customers now refuse to do business with Plaintiff, that longstanding customers have lost confidence in Plaintiff, or that Plaintiff has lost future business from one or more customers.

    c. A statement of all facts that establish that the expenditures or losses identified in response to the preceding subsections are attributable to one or more batch of product at issue.

ANSWER: Plaintiff objects to this Interrogatory to the extent it seeks information that is not within Plaintiffs possession, custody or control. Plaintiff further objects to this Interrogatory to the extent it is overly broad, unduly burdensome and/or oppressive.

SUPPLEMENTAL ANSWER: See bate stamp documents NP Ag 000059 to 000066 and NP Ag 000304 to NP Ag 000757.

Interrogatory Number 21 seeks a variety of information related to Plaintiff's claim that it has suffered damages in the form of the loss of customer relationships and any mitigation expenditures or consequential damages Plaintiff may be seeking as part of this lawsuit. Once again, Plaintiff's response provides no responsive information and the objection on the grounds of burden is meritless. A request for information regarding damages is well within the bounds of permissible discovery, and it directly targets a category of damages that Plaintiff has indicated it is pursuing as part of this lawsuit.

In its supplemental answer, Plaintiff merely refers Defendant to customer invoices and a customer list. This has nothing to do with Plaintiff's claimed damages. Plaintiff must be directed to respond to the interrogatory. Plaintiff's refusal to respond to an interrogatory regarding its damages is indicative of its preference to try this case by ambush rather than in accordance with rules regarding appropriate discovery. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

J.    **Interrogatory Number 22**

INTERROGATORY NO. 22: Describe completely all damages claimed to have been suffered as a result of the circumstances described in the FIRST AMENDED COMPLAINT including, but not limited to, all categories of damages referenced in paragraph 17 of the FIRST AMENDED COMPLAINT (i.e., "financial loss", "lost future business with longstanding existing customers," "economic damages", and "irreparable damage to business reputation[.]"), and for those claimed damages, describe the following:

      a. The amount of claimed damages, delineating each category of claimed damages;

      b. The calculations utilized to arrive at the amount of claimed damages;

      c. The data relied upon in calculating the amount of claimed damages;

      d. The assumptions, if any, relied upon in calculating the amount of damages;

      e. Identify the person and/or entity with knowledge of the claimed damages and the calculations, data and assumptions referenced in the subparagraphs above; and

      f. Identify the documents and communications relating to the claimed damages and the calculations, data and assumptions referenced in the subparagraphs above.

ANSWER: See Plaintiffs Initial Disclosure which outlines the losses incurred. Also see attached Plaintiffs Income Tax Returns.

SUPPLEMENTAL ANSWER: See bate stamp documents NP Ag 000001 to 000303 and NP Ag 000304 to NP Ag 000757.

Interrogatory Number 22 requests a variety of information related to Plaintiff's calculation of its damages. Plaintiff's response provides none and instead refers to Plaintiff's initial disclosures and Plaintiff's tax returns. Plaintiff's initial disclosures, however, do not contain the information sought by this request. Moreover, general reference to initial disclosures or documents produced in discovery (documents that consist of invoices and customer lists) is insufficient for purposes of satisfying the requirements of the Fed. R. Civ. P. 33 and this request. *See, e.g., Logansport Comm. School Corp.*, 139 F.R.D. at 650. Finally, Plaintiff's tax returns do not include a calculation of damages or an explanation of how that calculation was made. The Court should compel Plaintiff to provide a full, complete, and non-evasive answer to this interrogatory.

### III.   MEET AND CONFER CERTIFICATION

The undersigned conferred with counsel for Plaintiff on April 11, 2022 via telephone regarding the foregoing motion in accordance with the local rules and Federal Rules of Civil Procedure and Plaintiff does not agree to the relief sought.

### IV.   CONCLUSION

WHEREFORE, Defendant Nutrien Ag Solutions, Inc., respectfully requests that the Court enter an Order compelling Plaintiff to provide full, complete, and non-evasive answers to the foregoing interrogatories, awarding Nutrien its attorney fees associated with filing this motion, and for such other relief as the Court deems just.

DATED: April 11, 2022                               **BAILEY & GLASSER LLP**

                                                                     /s/ *Nicholas A. Warden*
                                                                    Nicholas A. Warden
                                                                    *Attorneys for Defendants Nutrien Ag*
                                                                    *Solutions, Inc. and Loveland Products, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April 2022, I filed the above-referenced document electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Paul Thomas Clark          tclark@clarkandfeeney.com
*Attorneys for Plaintiff*


     /s/ *Nicholas A. Warden*
Nicholas A. Warden